And our final case of the day is Lynch v. United States. Mr. Jesser. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Ms. Lynch is here to honor the Court. Your Honors, before I begin my short argument, may I ask if the Court has any initial or threshold questions of me? Oh, I have a big one. Who is the defendant? The United States, Your Honor. The United States. The United States has filed a brief on the assumption that the defendant is Scott Noland and doesn't mention litigation against the United States, whereas your brief mentions the United States and not Scott Noland. So the plaintiff can choose who you wish to litigate against, but the briefs are completely talking past one another. So you say the United States is the defendant? Yes, Your Honor. Okay. So the only claim against the United States is one that would be supported by the Federal Tort Claims Act. How does the Federal Tort Claims Act support this suit, given the exemption in 28 U.S.C. 2680H? I'm sorry, Your Honor, I'm not familiar with the United States. You need to know the Federal Tort Claims Act. It says claims sounding in false arrest or malicious prosecution cannot be brought against the United States. That's what 2680H says. It seems as straightforward an exemption as one could imagine. I have no rebuttal to that, Your Honor. I would suppose that would be dispositive, Your Honor. Well, if the United States is the defendant, 2680H and anything else in the Tort Claims Act is. By the way, the Tort Claims Act does not allow suit on constitutional torts. It has to be common law torts, and the United States is liable to the same extent as a private party would be. That's the core of the Federal Tort Claims Act. So if the claim is that the United States is liable because it's a governmental actor, that's wholly outside the scope of the Tort Claims Act, just completely outside it. And therefore, the action would not lie, Your Honor? Ergo, the action would not lie? The Tort Claims Act authorizes suit for common law torts, as it says, where the United States would be liable under state law if it were a private person. That's just what it says. Mr. Jessup, there is a proviso in 2680H regarding, among other things, claims for abusive process or malicious prosecution. Again, limited, though, to the role of a private individual. Again, I'm not conversant with that proviso, Your Honor. Let's suppose you're wrong about whether you've sued the United States or that you've also got a claim against Agent Noland. I guess the question that I have most fundamentally is, we understand that your client was acquitted. We understand that the licensing board decision was eventually set aside. It's hard to understand how any of that affects probable cause at the time of the charges being brought against her. Yes, Your Honor. It is our contention that the district court should have taken that into account. I'm not sure I can count how many cases in which this court has explained that when you're seeking civil relief on a supposed lack of probable cause, you look at what is known to the law enforcement officers and agents at the time that they acted, not anything later. And I'm aware of that line of cases. I had no case law to support our argument other than to urge the court that the district court committed plain error in not taking into account 27 jury verdicts of not guilty. That line of cases that I just described to you would have told the district court that is utterly irrelevant in trying to decide the question of probable cause back when the investigation was going on and the charges were being brought. I can't dispute that, Your Honor. I thought that it was relevant. Well, I understand what you're saying, Your Honor. Certainly. Okay. Yes. I see that I have four minutes if I can reserve that for a possible rebuttal, Your Honor. Certainly, Counsel. Thank you, Judge. Mr. Moore. Good morning, Your Honors. I may have pleased the court. David Holler on behalf of the United States. Your Honors, my opponent's notice of appeal did include both the United States and Mr. Noland, and we proceeded on that basis. But his brief doesn't even mention the word Noland. It doesn't mention Noland. People can choose what arguments to pursue and what arguments to abandon, and it does seem from the appellate brief that any claim against Noland has been abandoned. But yet your brief doesn't even try to explain why the United States, which the brief does discuss at length, is not liable. Well, Your Honor, the district court ruled in our favor on the probable cause ground, which knocks out any FTCA claim and any Bivens claim and seemed the easiest way to resolve the case. I mean, under Indiana law, if a private witness walks in and makes a bunch of false and scurrilous allegations, that would be a malicious prosecution claim. So if that's the claim that's being raised, then I guess we believe that could perhaps be raised under the FTCA. If the court wants to knock it out at that stage, that's fine. Not under 2680H, which says malicious prosecution claims cannot be pursued against the United States. As I said to Mr. Jesser, I'm just shocked. The briefs appear to be addressing completely different cases. Mr. Jesser addresses a claim against the United States, but not Noland. Your brief addresses a claim against Noland, but not the United States. We generally expect the appellate lawyers to agree on what the case before us is. I don't know entirely how to respond to that, Your Honor, other than to say that this case was litigated in the district court under these Fourth Amendment theories. That's how it was dealt with at the summary judgment stage, and we made the best we could out of the brief that was given to us. Regardless, all of these claims, whether they're preserved, present here or not, are clearly knocked out for the reasons Judge Hamilton already explained, because there was abundant probable cause or probable cause of the yin-yang or whatever you want to call it here. The doctor said, I never gave this woman authority to prescribe in my name, and that's what she was doing. And when we went to Ms. Lynch, she wouldn't talk to us. So we inferred that what she was not doing was proper, and we charged the case. This court has made clear that subsequent acquittals, subsequent proceedings for the nursing board, whatever, are totally irrelevant to all of that. So the FTCA claims are barred. Any Fourth Amendment claims that remain against Agent Noland are barred, and there's no basis for any claims here. Summary judgment was properly granted. You had a number of options available to you in opposing these claims, including the imminent demise of Bivens claims, more generally. Well, Your Honor, we thought of that as well. I mean, I think there's green point in this. I expect you did. Well, and again, we just tried to deal with this claim on the simplest manner we could that would knock out any Fourth Amendment claims and any Bivens claims. And I think we felt it was so clear that we prevailed on that grounds that we didn't perhaps preserve other arguments that, in light of the way this case has now been litigated on appeal, might have been even simpler. But that's the way we proceeded. And however the court wants to resolve the case, the court's free to resolve the case. But I don't think there's any way to resolve this case in the plaintiff's favor. Can I just very briefly ask you to explain to me what you understand the proviso in 2680H to mean? How much it looks to me like it gives back what the opening sentence took away. I'm not as intimately familiar, perhaps for the purposes of this argument, with the FTCA proceedings as I would like. I mean, there are some exceptions for agents and things like that where some of these claims can be brought in sort of the more traditional Bivens context. And traditionally, some of these Malley v. Briggs claims are brought under the Fourth Amendment. I mean, they really are rarely brought under the FTCA because they can pretty much almost always be brought for the same reasons under the Fourth Amendment. But not against the United States. Well, right. But under the FTCA, the United States is going to be substituted into the party. You can only litigate an FTCA claim against the United States. But you can, since the briefs talk past one another, the United States can be liable under the Tort Claims Act only when a private party would be liable for equivalent behavior. Right? Private parties are not liable for violating the Fourth Amendment. It doesn't apply to private parties. Right. I mean, under the complaint, the claims under the FTCA are Indiana law claims. They're claims that under Indiana law, there was an Indiana false arrest and an Indiana malicious prosecution. You can sue a private party in Indiana for malicious prosecution. Right. But not on a Fourth Amendment theory. It has to be a straight state tort theory. Right. I understand what you're saying, Your Honor. The tort elements would essentially collapse into the same sorts of things here. Did the witness maliciously make statements, believing them to be false, which happened here? So there would be no claim for that reason either. Under the FTCA, isn't it a little more tricky, though, because Nolan is not an agent? Nolan is a diversion agent, Your Honor. He's a diversion investigator. He's a diversion investigator, yes. I mean, there's been litigation about exactly what the status of those individuals is as to whether we could bar the claim on that ground or not. And what's your finding? Because he's not an agent. Because he's not an agent. I mean, our belief is because he's not an agent that he can't be sued under those specific grounds either. Again, like I said, there are multiple grounds on which we could have moved for summary judgment in this case. But because there was no lack of probable cause, there could be no claims against him. And there also can be no claims against the United States because there was no tortious conduct here. There's no evidence of malice. There's no evidence of a lack of probable cause. There's no evidence of anything that would allow any of these claims to keep going. I mean, this case only survived the motion to dismiss when an amended complaint was entered that the original district court judge said you can allege that there were falsehoods or that there was some reason to not believe these things. And all of that was knocked out in discovery. So there's simply nothing left of this case. So summary judgment was properly granted to all parties remaining in the case. We would ask that that judgment be affirmed. Thank you. Thank you, counsel. Anything further, Mr. Jesser? No, Your Honor. All right. Well, thanks to both counsel. The case is taken under advisement and the court will be in recess.